```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DENNIS P. MAHER, et al.,                                         :
                                                                 :
                            Plaintiff,                           :
                                                                 :       22-cv-6506 (LJL)
        -v-                                                      :
                                                                 :       MEMORANDUM AND
RALPH C JOHNSON, et al.,                                         :             ORDER
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Dennis P. Maher and The Mary E. Maher Residuary Trust ("Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 37, for an order compelling Ralph C. Johnson and Global Factors, LLC ("Defendants") to produce three categories of documents allegedly being wrongfully withheld and, pursuant to Federal Rule of Evidence 16(b)(4), for an order modifying the scheduling order in this case. Dkt. No. 22. The motions are denied.

Plaintiffs filed their complaint on August 2, 2022. Dkt. No. 7.[1] The initial case management plan and scheduling order was entered by the Court on November 7, 2022. Dkt. No. 12. It provided that depositions were to be complete by January 27, 2023, fact discovery was to be complete by February 24, 2023, and expert discovery and all discovery were to be complete by May 26, 2023. *Id.* at 2–3. The dates largely corresponded to those requested by the parties.[2] Dkt. No. 11. On January 25, 2023, the Court granted the parties' joint motion to extend the discovery schedule so that depositions would be complete by March 31, 2023, fact discovery

---

[1] Plaintiffs first attempted to file the complaint on August 1, 2022, but it was rejected by the Clerk of Court for a filing error. Dkt. No. 1.
[2] The parties had requested that expert discovery be complete by June 16, 2023 and all discovery by August 25, 2023. Dkt. No. 11 at 2–3.

would be complete by April 28, 2023, and expert discovery and all discovery would be complete by July 28, 2023.  Dkt. No. 15.  The Court's order stated:  "No further extensions shall be granted."  *Id.*  On March 30, 2023, the parties submitted another request for an extension—for depositions to be completed by June 2, 2023, fact discovery to be completed by June 30, 2023, and expert discovery and all discovery to be completed by July 28, 2023.  Dkt. No. 16.  The letter motion stated that the parties were in "the process of resolving their outstanding discovery issues and seek to extend the deadline to complete depositions."  *Id.*  It failed to inform the Court (or even to acknowledge) that the Court had previously ordered that no extensions would be granted.  *Id.*  As a result, the Court granted the motion but it kept the date for a post discovery conference as set for June 2, 2023.  Dkt. No. 17.  On June 1, 2022, the day before depositions were to be complete, Plaintiffs submitted a letter on behalf of both parties asking for yet another extension, again representing that they were "in the process of resolving their outstanding discovery issues and s[ought] to extend the deadline to complete depositions."  Dkt. No. 20.  The Court denied the motion for failure to show good cause.  Dkt. No. 21.

Plaintiffs now seek to extend the deadline for the completion of fact discovery to September 8, 2023, with depositions to be completed by August 25, 2023, and expert and all discovery to be completed by September 29, 2023.  Dkt. No. 22 at 6.  Having previously represented that they needed additional time to "complete" depositions, Plaintiffs now disclose for the first time that they have not even taken depositions.  *Id.* at 1 ("Plaintiffs has [sic] been unable to depose Defendants and relevant non-parties.").

"[A] scheduling order is an order just like any other order of the Court."  *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020).  "Such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in

an efficient, just and certain manner.  The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved." 3 J. Moore, Moore's Federal Practice § 16.14[1][a] (3d ed. 2019).  A party must show "good cause" for modification of a scheduling order under Rule 16(b)(4).  *Furry Puppet Studio Inc.*, 2020 WL 4978080, at *1.

Plaintiffs have utterly failed to show any good cause for a modification of the scheduling order.  According to both Plaintiffs and Defendants, the parties held a meet-and-confer meeting to discuss outstanding document discovery issues on March 21, 2023.  Dkt. No. 22 at 2; Dkt. No. 25 at 2.  At that point, depositions were to have been completed ten days later by March 31, 2023 and fact discovery was to have been completed by April 28, 2023.  Dkt. No. 15.  The Court extended the discovery schedule on March 30, 2023 so that depositions could be complete by June 2, 2023.  Dkt. Nos. 16, 17.  Yet, knowing both the deadline and the fact that the Court had previously stated that no further extensions would be granted, Plaintiffs waited two months until May 26, 2023 to send a deficiency letter to Defendants, requesting a response by June 2.  Dkt. No. 22 at 2; Dkt. No. 22-3.  The choice of that date could hardly have been accidental—May 26, 2023 was the Friday before Memorial Day.  Defendants, in fact, responded on June 2.  Dkt. No. 22-4.

Had Plaintiffs truly been interested in the requested documents or needed them to conduct depositions, Plaintiffs could have moved the Court immediately after March 21, 2023.  There was no obstacle to them doing so.  They would have attempted to meet and confer as required by the Court's Individual Practices in Civil Cases.  *See* Hon. Lewis J. Liman, Individual Practices in Civil Cases 4.C.  And once they had done so, the Court would have had ample time to consider the motion and, if Plaintiffs had shown an entitlement to the documents, to have allowed Defendants time to produce any required documents such that depositions and fact

discovery could be completed as ordered.  Plaintiffs did not move the Court in March, April, May, or for most of June.  It was not until June 29—after the date for completion of depositions and on the eve of the deadline for completion of all fact discovery—that Plaintiffs made this motion.  Plaintiffs have offered no good reason for that delay or good cause for a further extension of the scheduling order.

Plaintiffs' motion to compel, which was filed one day before the close of fact discovery, is not untimely.  But it is not meritorious.  Rule 26(b)(1) requires discovery to be "proportional to the needs of the case," including among other things "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  In considering those factors, it is surely appropriate to ask whether the moving party treated the discovery as important or rather as an afterthought made simply to impose costs on its opponent and whether, under the scheduling order, the request is a clean-up request animated by a last-minute mention of documents or whether the only conceivable use of the documents would be to open a new round of discovery when discovery is already about to close.

Plaintiffs have not demonstrated that the requested discovery is proportional to the needs of the case or that its likely benefit outweighs the burden it would place on Defendants.  Both by the timing of the raising of this dispute and by the content of the requests, Plaintiffs' motion appears as an afterthought intended to burden Defendants rather than as a legitimate, and measured, search for the truth.  Plaintiffs' Document Requests Nos. 9 and 10 (seeking communications between Defendants and their auditors) are based on a mistaken equivalence of GAAP financials with non-GAAP financials.  Plaintiffs have not demonstrated relevance.  Requests Nos. 13, 22 and 23 (seeking bank records and bank statements and proof of payments)

are overbroad, unduly burdensome, and go far beyond what would be relevant in this case. There is no issue as to how much Plaintiffs invested and how much they received in return. Although the Court can conceive of some documents within this request that might be relevant, the relevance would be marginal and the request sweeps too broadly. Finally, Requests Nos. 15 to 19 (seeking contracts executed by Defendants' customers) constitute a fishing request at this stage of the case.

The parties should be prepared to discuss a date for trial of this case at the post-discovery conference scheduled for August 3, 2023 at 2:00 p.m.

SO ORDERED.

Dated: July 28, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge